PER CURIAM.
This is an appeal from an order granting defendant’s motion for judgment on pleadings to recover for work done and materials furnished by plaintiff to defendant.
On February 10, 1972 plaintiff, Modern Wood Industries, Inc., filed a complaint in circuit court to recover $1,868.15 for the installation and cost of kitchen cabinets, counter-tops, sink-rims and vanities installed in four model apartments of the defend *900 ant, Village Royale, Inc., pursuant to an alleged written contract entered into between the parties. Plaintiff also sought $97,250 in lost profits for defendant’s refusal to honor the contract and permit plaintiff to furnish and install kitchen cabinets, etc. for the remaining 1116 apartment units. Defendant answered that (1) there was no firm or final contract, and (2) plaintiff’s workmanship and materials were so poor and inferior that the cabinets, etc. had to be removed and replaced. Defendant then filed a counterclaim seeking damages in an amount in excess of the difference defendant was required to pay for such installation to another firm over and above the price in the contract with the plaintiff. Defendant moved for summary judgment and the trial judge, finding that there was no contract on February 7, 1973, entered summary judgment, which reads in pertinent part:
“2. That summary final judgment be and the same is hereby entered against the plaintiff and in favor of the defendant on plaintiff’s claim as set forth in the complaint herein.
“3. That this summary final judgment is without prejudice to the right of the plaintiff to seek recovery as to the fabrication and installation of kitchen cabinets, counter tops, sink rims and vanity cabinets in the four model apartments.”
This court affirmed the summary judgment (287 So.2d 160). Subsequently, the trial judge entered summary judgment in favor of plaintiff on defendant’s counterclaim.
On February 21, 1974 plaintiff filed the instant suit in county court seeking to recover $1,868.15 for the furnishing and installation of the kitchen cabinets, etc. Defendant filed an answer raising as a defense that plaintiff was barred by the doctrine of election of remedies on his claim by virtue of his prior suit in circuit court, and also counterclaimed for damages in excess of $2,500 for the loss of condominium sales as a result of the inferior and defective kitchen cabinets furnished by plaintiff. In November the cause was transferred to circuit court on the ground that defendant’s counterclaim for damages exceeded the jurisdiction of the county court. On December 13, 1974 defendant filed its motion for judgment on the pleadings and the trial judge entered the herein appealed order entering judgment on the pleadings against the plaintiff on its claim and judgment on the pleadings against defendant’s counterclaim. We reverse.
The February 1973 summary judgment granting plaintiff the right to seek recovery as to the fabrication and installation of kitchen cabinets, etc. having been affirmed by this court in the previous appeal[1] thereby becoming the law of the case, we find that the trial judge erred in entering judgment on the pleadings against plaintiff’s claim and defendant’s counterclaim. Accordingly, the order is reversed and the cause remanded to the trial court for further proceedings.

. See Modern Wood Industries, Inc. v. Village Royale, Inc., Fla.App.1973, 287 So.2d 160.